AKBAR HASSAN-EL, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 432, 2008.
Supreme Court of Delaware.
Submitted: December 22, 2008.
Decided: February 2, 2009.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice.
This 2nd day of February 2009, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) The defendant-appellant, Akbar Hassan-El, was found guilty by a Superior Court jury of Murder in the First Degree, Murder in the Second Degree, Possession of a Firearm During the Commission of a Felony, Attempted Robbery in the Second Degree, and Conspiracy in the Second Degree. Hassan-El's arrest and convictions stemmed from the attempted robbery and killing of an ice cream truck driver on July 18, 2001 in the City of Wilmington, Delaware. Initially, Hassan-El was tried with his co-defendant, Tyrone Guy. When the jury failed to reach a unanimous verdict, a mistrial was declared. Subsequently, Hassan-El and Guy were tried separately, resulting in Hassan-El's conviction. He was sentenced as a habitual offender to life in prison on the murder conviction, and to 45 years at Level V on the remaining convictions. This Court affirmed Hassan-El's convictions and sentences on direct appeal.[1]
(2) In June 2007, Hassan-El filed a motion for postconviction relief. The Superior Court appointed counsel to represent him in those proceedings. At the Superior Court's request, both attorneys who represented Hassan-El at trial and on direct appeal filed affidavits in response to Hassan-El's ineffective assistance of counsel claims.[2] The Superior Court ultimately denied Hassan-El's postconviction motion.
(3) Hassan-El's appointed counsel has filed a brief and a motion to withdraw pursuant to Rule 26(c). The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) the Court must be satisfied that counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and (b) the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[3]
(4) Hassan-El's counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues. By letter, Hassan-El's counsel informed Hassan-El of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Hassan-El also was informed of his right to supplement his attorney's presentation. Hassan-El responded with a brief that raises fourteen issues for this Court's consideration. The State has responded to the position taken by Hassan-El's counsel as well as the issues raised by Hassan-El and has moved to affirm the Superior Court's judgment.
(5) Hassan-El raises fourteen issues for this Court's consideration, which may fairly be summarized as follows: a) his constitutional right to a speedy trial was violated; b) the prosecutor engaged in misconduct at trial by obtaining a conviction on the basis of an undisclosed plea bargain with a witness; c) there was insufficient evidence presented by the State to support his conviction of conspiracy; and d) at trial, counsel provided ineffective assistance by failing to file a motion to suppress, make proper objections, effectively cross-examine the State's witnesses, call the appropriate witnesses to testify, and secure a trial expert, and, on appeal, counsel provided ineffective assistance by failing to raise the proper issues.
(6) Hassan-El's first three claims are that his constitutional right to a speedy trial was violated, the prosecutor improperly obtained a conviction on the basis of an undisclosed plea bargain with a witness, and the State presented insufficient evidence to support his conspiracy conviction. All of these claims are procedurally defaulted because Hassan-El did not present them in the proceedings leading to the judgment of conviction.[4] Moreover, he has failed to demonstrate cause for relief and prejudice from a violation of his rights.[5] As the record reflects, the claims also lack a factual basis. Therefore, we conclude that the Superior Court's denial of the claims must be affirmed.
(7) Hassan-El's fourth claim is that his trial and appellate counsel provided ineffective assistance. In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his counsel's representation fell below an objective standard of reasonableness and that, but for his counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[6] Although not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable."[7] The defendant must make concrete allegations of ineffective assistance, and substantiate them, or risk summary dismissal.[8]
(8) Hassan-El has not succeeded in demonstrating that any error on the part of his counsel resulted in prejudice to him. The record reflects that counsel had no basis for moving to suppress a bullet found in the house of Hassan-El's co-defendant. Hassan-El's claim that counsel did not make proper objections to a handgun shown to the jury, to the judge's decision not to remove a juror, and to the prosecutor's closing argument is not supported by the trial record  specifically, the handgun was shown to the jury in the penalty phase and had no impact on Hassan-El's conviction and there was no legal support for objecting to the judge's ruling concerning the juror or to the prosecutor's closing argument. There also is no factual basis for HassanE-l's claim that his counsel failed to properly cross-examine the State's witnesses. Hassan-El's claim that his counsel erred by failing to call the same witnesses that were called in his first trial is likewise unavailing, since counsel made the reasonable professional judgment that the witnesses would be detrimental to his case. Hassan-El provides no explanation of how an expert on drug abuse would have assisted his defense. Finally, the record reveals no factual or legal support for his claim that his counsel failed to raise the proper issues in his direct appeal. As such, we conclude that the Superior Court's denial of Hassan-El's ineffectiveness claims also must be affirmed.
(9) This Court has reviewed the record carefully and has concluded that Hassan-El's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Hassan-El's counsel has made a conscientious effort to examine the record and the law and has properly determined that Hassan-El could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[1] Hassan-El v. State, 911 A.2d 385 (Del. 2006).
[2] Two attorneys were appointed for Hassan-El, since he was charged with capital murder.
[3] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[4] Super. Ct. Crim. R. 61(i) (3).
[5] Id.
[6] Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).
[7] Flamer v. State, 585 A.2d 736, 753 (Del. 1990).
[8] Younger v. State, 580 A.2d 552, 556 (Del. 1990).