**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. # 0107017049 |
| | ) | |
| AKBAR HASSAN-EL, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: December 18, 2023
Decided: February 20, 2024

**ORDER DENYING DEFENDANT'S MOTION FOR
DISCOVERY AND INSPECTION AND MOTION FOR TRANSCRIPTS**

Upon consideration of Defendant Akbar Hassan-El's ("Hassan-El") Motion for Discovery and Inspection[1] (the "Discovery Motion") and Motion for Transcripts[2] (the "Transcripts Motion"), the Court finds the following:

1.      Following his retrial in May, 2005, a jury found Hassan-El guilty of Murder in the First Degree, Murder in the Second Degree, Possession of a Firearm During the Commission of a Felony, Attempted Robbery in the Second Degree, and Conspiracy in the Second Degree.[3]  On September 30, 2005, he was sentenced to life in prison on the felony murder conviction, and to 45 years at Level V on the remaining convictions.[4]  The Supreme Court affirmed Hassan-El's convictions and

---

[1] D.I. 230.
[2] D.I. 231.
[3] D.I. 143.
[4] D.I. 158.

sentences on direct appeal.[5] This Court provided Hassan-El with copies of transcripts of the trial proceedings in connection with his direct appeal.[6]

2.      Subsequently, Hassan-El has filed at least two motions for postconviction relief under Superior Court Criminal Rule 61. The first was denied in 2008 and the second was denied on January 27, 2010 (the "2010 Order").[7] Both were affirmed on appeal to the Supreme Court.[8]

3.      Hassan-El filed a motion for transcripts in connection with his appeal of the 2010 Order.[9] That motion was denied because it was out of time and otherwise procedurally barred, and therefore, Hassan-El provided no valid need for the transcripts.[10]

4.      Pending are Hassan-El's two recently filed motions: the Discovery Motion, pursuant to Superior Court Criminal Rule 16, which seeks a broad array of materials without further explanation or comment; and the Transcripts Motion, which seeks copies of transcripts of every court proceeding before, during, and after both trials.

---

[5] *Hassan-El v. State*, 911 A.2d 685 (Del. 2006).

[6] *See* D.I. 178.

[7] *State v. Hassan-El*, 2008 WL 3271229 (Del. Super. July 31, 2008); *State v. Hassan-El*, 2010 WL 359697 (Del. Super. Jan. 27, 2010).

[8] *Hassan-El v. State*, 966 A.2d 347 (Table), 2009 WL 234625 (Del. Feb. 2, 2009); *Hassan-El v. State*, 5 A.3d 630 (Table), 2010 WL 3673003 (Del. Sept. 21, 2010).

[9] D.I. 225.

[10] *Id.*

5.	The Rules of Criminal Procedure do not provide for additional discovery in postconviction proceedings. "Superior Court Criminal Rule 16 applies to pre-trial discovery and does not afford relief to a Defendant post-sentencing."[11] "Nowhere in Rule 16 does the duty to provide discovery continue after the conviction has become final."[12]

6.	However, this Court "possesses 'inherent authority under Rule 61 in the exercise of its discretion to grant particularized discovery for good cause shown.'"[13] In the postconviction stage, a movant bears a heavier burden to establish "good cause" for discovery.[14] "Especially at the postconviction stage, 'petitioners are not entitled to go on a fishing expedition through the government's files in hopes of finding some damaging evidence.'"[15]

7.	Similarly, there is no absolute right to free transcripts in the postconviction stage.[16] "The Constitution requires that materials such as transcripts are provided only after judicial certification that they are necessary to decide non-frivolous issues pending in a case."[17] Thus, this Court has discretion under Criminal

---

[11] *State v. Daniels*, 2016 WL 6610319, at *3 (Del. Super. Oct. 14, 2016).
[12] *State v. Schultz*, 2015 WL 4739503, at *2 (Del. Super. July 31, 2015).
[13] *Cabrera v. State*, 173 A.3d 1012, 1032 (Del. 2017) (quoting *Dawson v. State*, 673 A.2d 1186, 1197 (Del. 1996)).
[14] *Id.* at 1033.
[15] *Id.* (quoting *State v. Jackson* 2006 WL 1229684, at *2 (Del. Super. May 3, 2006)).
[16] *State v. Demby*, 2007 WL 214411, at *2 (Del. Super. Jan. 25, 2007).
[17] *State v. Russell*, 2019 WL 6248340, at *1 (Del. Super. Nov. 15, 2019) (citation omitted).

Rule 61(d)(4) to order that transcripts be provided at State expense when a defendant has shown "good cause" and stated a "particularized need" for the transcripts.[18]

8. The Discovery Motion lists 16 categories of documents and information Hassen-El seeks in discovery, including statements of confidential informants, his prior criminal record, and statements made by persons who will testify at trial. While the Discovery Motion identifies what materials Hassen-El *wants*, he provides no factual or legal basis supporting a *need* for these materials.

9. The Transcripts Motion is likewise deficient. Hassan-El requests copies of transcripts of all proceedings in this Court. He asserts that transcripts were prepared for his counsel in connection with his direct appeal and that he requested a copy of the transcripts from the Office of the Public Defender, which request has been denied. He asserts that he needs all of these transcripts to prepare a *pro se* motion for postconviction relief. Hassen-El does not state the grounds for any such motion, but baldly states that he needs the transcripts "to review the merits of the defendant's case."

10. Hassan-El's motions must be denied. First, Hassen-El has already filed two postconviction motions, which have been denied. Under Rule 61(d)(2), subsequent motions "shall be summarily dismissed" unless the defendant pleads with particularity that he is "actually innocent" or he pleads with particularity a new

---

[18]*Id.*; Super. Ct. Crim. R. 61(d)(4).

4

rule of constitutional law that applies to his case which renders his conviction invalid. Hassen-El has not stated any ground on which he would be permitted to pursue a third postconviction motion. Thus, his desire to file another postconviction motion is not a sufficient ground on which to grant the motions.

11. Second, Hassen-El failed to provide any factual or legal support for his motions. Thus, he has failed to show good cause or a particularized need for the transcripts or any discovery. Absent a showing of good cause and particularized need for these materials, the Court will not exercise its discretion to grant Hassan-El's requests. Accordingly, the Discovery Motion and the Transcripts Motion are **DENIED**.

February 20, 2024

/s/Kathleen M. Miller
The Honorable Kathleen M. Miller

Original to prothonotary
Andrew Witherell, Esq.
Office of the Attorney General
Office of Defense Services
Akbar Hassen-El SBI# 00417270

5