# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
     )
   v.      )    I.D. # 0107017049
     )
AKBAR HASSAN-EL,      )
     )
   Defendant.      )

Submitted: April 17, 2024
Decided: May 22, 2024

## ORDER

Upon consideration of Defendant Akbar Hassan-El's Motion for Postconviction Relief - ***Summarily Dismissed***.

## *Background*

1. Following his retrial in May, 2005, a jury found Akbar Hassan-El ("Hassan-El") guilty of Murder in the First Degree, Murder in the Second Degree, Possession of a Firearm During the Commission of a Felony, Attempted Robbery in the Second Degree, and Conspiracy in the Second Degree.[1] On September 30, 2005, he was sentenced to Level V for "his natural life without benefit of probation, parole or any other sentence reduction consistent with 11 *Del. C.* § 4209(a)" on the First Degree murder conviction, and to 45 years at Level V on the remaining convictions.[2]

---

[1] D.I. 143.
[2] D.I. 158; *State v. Hassan-El*, 2005 WL 2436199 (Del. Super. June 2, 2005).

The Supreme Court affirmed Hassan-El's convictions and sentences on direct appeal.[3]

2.    Hassan-El has filed two motions for postconviction relief under Superior Court Criminal Rule 61. The first Rule 61 motion, filed on June 26, 2007, asserted, among other things, that the State's witness, Marcus Archy, denied on cross-examination that he was expecting leniency or some benefit from testifying, when in fact he had entered into a plea agreement with the State.[4] It also asserted an ineffective assistance of counsel claim relating to trial and appeal counsel Andrew Witherell and Joseph Bernstein. The first motion was denied in 2008, ruling that the argument relating to Mr. Archy was barred under Rule 61(i)(3) because Hassan-El failed to raise this issue on direct appeal, and even if not procedurally barred, the claim had no merit because there was no obligation to disclose the terms of the plea agreement.[5] The Court further ruled that Hassan-El failed to satisfy the prejudice prong of *Strickland v. Washington*,[6] and therefore denied the ineffective assistance of counsel claim.[7] The Court's ruling was affirmed on appeal to the Delaware Supreme Court.[8]

---

[3] *Hassan-El v. State*, 911 A.2d 685 (Del. 2006).
[4] *State v. Hassan-El*, 2008 WL 3271229 (Del. Super. July 31, 2008).
[5] *Id.* at *1.
[6] 466 U.S. 668 (1984).
[7] *State v. Hassan-El*, 2008 WL 3271229, at *4-6 (Del. Super. July 31, 2008).
[8] *Hassan-El v. State*, 966 A.2d 347 (Table), 2009 WL 234625 (Del. Feb. 2, 2009).

3.      The second Rule 61 motion was filed on August 31, 2009.[9] This motion asserted thirty-six grounds, including 21 grounds of ineffective assistance of counsel relating to Messrs. Witherell and Bernstein.[10]  Twenty-three of the grounds were addressed in the Court's ruling on Hassan-El's first motion.[11]  The remaining thirteen grounds were barred under Rule 61(i)(3) because Hassan-El failed to raise them in his direct appeal or his first postconviction motion.[12]  The Court's ruling was affirmed on appeal to the Delaware Supreme Court.[13]

### Hassan-El's Third Motion

4.      Hassan-El's current Motion for Postconviction Relief (the "Motion") asserts six grounds for relief: (1) he was sentenced to life in prison without the possibility of parole, which violates the Eighth and Fourteenth Amendments because he was sentenced under 11 *Del. C.* § 4209, which has been ruled unconstitutional; (2) his Fourteenth Amendment rights have been violated due to sentencing enhancement caused by the unconstitutional statute – 11 *Del. C.* § 4209; (3) he has newly discovered evidence because the State failed to disclose that one of its witnesses – Marcus Archie [*sic*] – was given a "deal" for his cooperation; (4)  the State violated its *Brady* obligations by failing to disclose exculpatory material which

---

[9] D.I. 216.
[10] *Id.*
[11] *State v. Hassan-El*, 2010 WL 359697, at *1 (Del. Super. Jan. 27, 2010).
[12] *Id.* at *2.
[13] *Hassan-El v. State*, 5 A.3d 630 (Table), 2010 WL 3673003 (Del. Sept. 21, 2010).

was under seal until sentencing; (5) the trial judge allowed Mr. Archy to testify and perjure himself by allowing the testimony without the disclosure that this witness was expecting leniency; and (6) his trial and appeal counsel – Andrew Witherell and Joseph Bernstein – were ineffective because they failed to disclose to defendant material produced in discovery.[14]  In support of his attack on 11 *Del. C.* § 4209, Hassan-El asserts that pending legislation (House Bill 70 (2023)) would repeal this statute.[15]

### *Standard of Review*

5.      Rule 61 is the exclusive remedy for those "in custody under a sentence … seeking to set aside the judgment of conviction…."[16]  The Rule balances finality "against … the important role of the courts in preventing injustice."[17]  Before addressing the merits of a defendant's motion for postconviction relief, however, the court must review the motion to determine whether any of Rule 61(i)'s procedural bars apply.[18]  If a motion is procedurally barred, the Court will not consider the merits of the postconviction motion.[19]

6.      First, a motion for postconviction will be barred if it is not timely filed. Such a motion must be filed within one year after the conviction becomes final or if

---

[14] D.I. 233.
[15] *Id.*
[16] Super. Ct. Crim. R. 61(a)(1).
[17] *Zebroski v. State*, 12 A.3d 1115, 1120 (Del. 2010) (citation omitted).
[18] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[19] *Id.*

4

it asserts a newly recognized, retroactively applied, right within one year after the right was first recognized.[20]

7.      Second, a defendant may file only one motion unless the second or subsequent motions for postconviction relief satisfy the requirements of Rule 61(d)(2)(i) or (ii).  Under Rule 61(d)(2), a second or subsequent postconviction relief motion "shall be summarily dismissed" unless the defendant:

(i)      pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

(ii)     pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[21]

8.      Third, grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless the movant can show "cause for relief" and "prejudice from [the] violation."[22]

9.      Finally, grounds for relief formerly adjudicated, whether in proceedings leading up to the conviction, on appeal, or in a postconviction proceeding, are also procedurally barred.[23]

---

[20] Super. Ct. Crim. R. 61(i)(1).
[21] Super. Ct. Crim. R. 61(d)(2).
[22] Super. Ct. Crim. R. 61(i)(3).
[23] Super. Ct. Crim. R. 61(i)(4).

## *Discussion*

10. Hassan-El's Motion is procedurally barred on multiple grounds. First, the Motion was filed more than one year after his conviction became final in 2010. Thus, it is barred as untimely under Rule 61(d)(1).

11. Second, Hassen-El has already filed two postconviction motions, which have been denied. Under Rule 61(d)(2), subsequent motions "shall be summarily dismissed" unless the defendant pleads with particularity that he is "actually innocent," or he pleads with particularity a new rule of constitutional law that applies to his case which renders his conviction invalid. Hassen-El has not plead any facts, let alone particularized facts, that he is actually innocent.

12. Additionally, he has stated no new rule of constitutional law. While he asserts that Section 4209 has been declared unconstitutional, the unconstitutional portion of that statute does not apply to him. In *Rauf v. State*[24] and *Powell v. State*[25] the Delaware Supreme Court invalidated Delaware's capital sentencing statute and ruled that such invalidation applied retroactively. To the extent that it was not clear that the Supreme Court's ruling applied only to the death sentence portion of the statute, the Delaware Supreme Court made clear in *Zebroski v. State*[26] that the portion of Section 4209 imposing a life sentence without the possibility of parole was not

---

[24] 145 A.3d 430 (Del. 2016).
[25] 153 A.3d 69 (Del. 2016).
[26] 179 A.3d 855 (Del. 2018).

6

invalidated.[27] Thus, the new rule of constitutional law stated in *Rauf* and *Powell* do not apply to Hassan-El because he was not sentenced to death.[28] Thus, the Motion is barred under Rule 61(i)(2).

13. Even if the Motion was not barred under Rule 62(i)(1) or (2), it is barred under Rule 61(i)(4). Hassan-El's arguments relating to the ineffective assistance of counsel, Mr. Archy's testimony, and prosecutorial misconduct have already been adjudicated in the prior postconviction motions.[29] Further, even if these grounds had not been adjudicated, the claims (except the IAC claim) would be procedurally barred by Hassan-El's failure to raise them in the proceedings leading to conviction under Rule 61(i)(3).

14. Accordingly, the Motion is **SUMMARILY DISMISSED**.

IT IS SO ORDERED.

/s/Kathleen M. Miller
Judge Kathleen M. Miller

Original to prothonotary
Andrew Witherell, Esq.
Office of the Attorney General

---

[27] Pending legislation is not a ground for postconviction relief under Rule 61. Thus, HB 70 provides no basis for relief. Furthermore, the proposed legislation would repeal only the death sentence portion of the statute, which does not impact Hassan-El's sentence.

[28] *Garvey v. State*, 200 A.3d 768 (TABLE), 2018 WL 6824585, at *2 (Del. Dec. 26, 2018) (ruling that defendant's sixth Rule 61 motion was procedurally barred because the new constitutional rule of law under *Rauf* and *Powell* did not apply to him because he was sentenced to life in prison without the possibility of parole).

[29] *See Hassan-El*, 2010 WL 359697.

Office of Defense Services
Akbar Hassen-El SBI# 00417270